OPINION
The Defendant has filed a Motion to Dismiss the Plaintiff's complaint. In its complaint, the Plaintiff seeks a judicial review of a decision made by a Hearing Officer chosen by the City of Tempe pursuant to Section 16-570 of the Tempe City Code. The Hearing Officer affirmed a privilege tax assessment made by the Tax Collector of the City of Tempe. The Hearing Officer's decision was forwarded to the Plaintiff on July 26, 1988 by the Tempe Tax Collector. The complaint was filed on September 30, 1988.
The Tempe City Code, Section 16-570(e)(2) states:
 "The decision made by the Hearing Officer upon administrative review by hearing or redetermination shall become final thirty (30) days after notice by the Tax Collector of any refund, abatement, or assessment amount recalculated to conform to the Hearing Officer's decision has been received by the Petitioner, unless the Petitioner appeals the order or decision in the manner provided in Section 16-575. Any tax due shall be paid within thirty (30) days after notice either unconditionally or under protest as part *Page 544 
of an appeal procedure for judicial review."
The above quoted language from the Tempe City Code is the same language as is found in the Model City Tax Code, prepared by the League of Arizona Cities and Towns and adopted by numerous Arizona municipalities. The issue presented to the Court herein has been presented to the Court before but has not previously been decided.
The Hearing Officer's decision was rendered in a document entitled "Opinion". In his opinion, the Hearing Officer recited the facts, the issues, the applicable law, and his decision. The entire document consisted of two pages. The decision does nothing more than affirm the Tax Collector's assessment.
The sole issue presented to the Court was whether dissemination to the taxpayer by the Tax Collector of the Hearing Officer's decision started the thirty day period reflected in Section16-570(e)(2).
The Court holds that it did not. Section 16-570(e)(2) provides that the trigger which starts the thirty day clock is notice to the taxpayer by the Tax Collector. In this case, it is the City's position that the mailing of a copy of the Hearing Officer's decision to the taxpayer constituted such notice.
The Court disagrees. The Court holds that, where there is no refund or abatement, the ordinance requires notice by the Tax Collector of the amount of the assessment due, after, and taking into account, the Hearing Officer's decision.
The Court is of the opinion that the taxpayer is entitled to notice from the Hearing Officer of the Hearing Officer's decision. The City of Tempe may add to its Tax Collector's duties by requiring him or her to circulate Hearing Officer decisions, but such ministerial acts do not constitute notice by the Tax Collector of the tax due as is required by the ordinance.
To start the thirty day period reflected in the ordinance, there must be notice from the Tax Collector to the taxpayer. In publishing such notice, the Tax Collector must be acting as Tax Collector and not as the Hearing Officer's clerk. The notice must also include the specific information directed by the ordinance. This is true even though the Hearing Officer's decision does not require a recomputation in order to inform the taxpayer of the tax due.
IT IS ORDERED denying the Defendant's Motion to Dismiss. *Page 545